**James R. BOLLERUD, Appellant,**

v.

**STATE of Alaska, DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. S–6950.

Supreme Court of Alaska.

Jan. 10, 1997.

A. Lee Petersen, Law Offices of A. Lee Petersen, P.C., Anchorage, for Appellant.

Dianne Olsen, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COMPTON, C.J., and RABINOWITZ, MATTHEWS, EASTAUGH and FABE, JJ.

## OPINION

COMPTON, Chief Justice.

### I. INTRODUCTION

James R. Bollerud appeals the suspension of his driver's license. He argues that the Department of Public Safety hearing officer lacked substantial evidence to find that damages to the truck with which he allegedly collided exceeded $500, and that he was the driver of the truck which caused the accident.

He also alleges he was denied due process of law. We affirm the judgment of the superior court, which upheld the suspension order.

## II. FACTS AND PROCEEDINGS

Thomas Boylan's truck was damaged in an accident with another truck. The driver of the other truck would not show Boylan his driver's license, but did say that his name was Jim Bollerud.[1] Boylan wrote down the name and the license number of the truck. Motor vehicle records verified that Bollerud owned a truck with the license number Boylan had written down.

Boylan filled out a motor vehicle accident report and filed it with the Department of Public Safety (DOPS), along with a letter from State Farm Insurance Company (State Farm) indicating that his truck sustained damages in excess of $1,400 and that Bollerud was uninsured. DOPS then sent Bollerud a notice of suspension of his driver's

license, basing the suspension on safety responsibility[2] and mandatory insurance laws.[3] Bollerud requested a hearing to contest this suspension of his driver's license.

The DOPS hearing officer upheld the suspension. Pursuant to Appellate Rule 601(b), Bollerud appealed to the superior court, which upheld the decision of the hearing officer. Bollerud appeals the decision of the superior court.

## III. DISCUSSION

Bollerud challenges two findings by the DOPS hearing officer. First, he challenges the jurisdiction of DOPS over his case, claiming there was not substantial evidence supporting the hearing officer's determination of damage. Second, he claims there was not substantial evidence supporting the finding that he and his truck were involved in the accident. Bollerud also alleges two violations of his right to due process of law.

1. AS 28.35.060(a) provides:
   The operator of a vehicle involved in an accident resulting in ... damage to a vehicle that is driven or attended by a person shall give the operator's name, address, and vehicle license number to the person ... collided with ...

2. Chapter 20 has been referred to as the financial responsibility law by both the superior court and DOPS. The correct short title, found in AS 28.20.640, is the Motor Vehicle Safety Responsibility Act. Thus we refer to Chapter 20's provisions as safety responsibility laws.
   AS 28.20.050(d) provides:
   Within 30 days after receipt of report of an accident and upon determining the amount of security to be required of any person involved in the accident or to be required of the owner of any vehicle involved in the accident, the department shall give to every person written notice of the amount of security required to be deposited by the person and stating that an order of suspension will be made upon the expiration of 10 days after the notice is sent unless within that time security is deposited as required. A license may not be suspended unless the licensee is afforded a hearing by the department at which it is determined that there is a reasonable possibility of a judgment being rendered holding the licensee liable.
   AS 28.20.090(a) provides:
   If a person required to deposit security under this chapter fails to deposit security within 10

days after the department sends notice, the department shall suspend (1) the license of each driver involved in the accident....
AS 28.20.260(a) provides:
Upon receipt by the department of the report of an accident resulting in ... property damage to any one person exceeding $500, the department shall suspend the license of the driver of a motor vehicle involved in the accident ...

3. The mandatory insurance laws are found in Chapter 22.

   AS 28.22.011(a) provides:
   The operator or owner of a motor vehicle subject to registration under AS 28.10.011 when driven on a highway, vehicular way or area, or on other public property in the state, shall be insured under a motor vehicle liability policy that complies with this chapter ...
   AS 28.22.021 provides:
   The owner or operator of a motor vehicle required to have motor vehicle liability insurance that complies with this chapter ... shall show proof of this insurance when that person is involved in an accident that results in ... damage to the property of a person exceeding $500.
   AS 28.22.041 provides:
   ... if a person fails to provide proof [of insurance] required ... the department shall suspend the driver's license of that person ...

## A. *Erroneous Factual Findings*

■ Bollerud first contends that DOPS lacked jurisdiction over the case because "[t]here was no evidence in this case to support a finding that there was damage to property exceeding $500." The hearing officer found that the damage to Boylan's truck exceeded $500. We review the findings of an administrative agency to determine whether they are supported by substantial evidence. *Handley v. State, Dep't of Revenue*, 838 P.2d 1231, 1233 (Alaska 1992). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Miller v. ITT Arctic Servs.*, 577 P.2d 1044, 1046 (Alaska 1978) (internal citation omitted).

■ The hearing officer had before her Boylan's accident report and State Farm's subrogation form, both of which indicated damages of $1,408. Also, Boylan testified as to the nature and amount of the damage to his truck, as well as the repair work that was done to it. This evidence is relevant evidence a reasonable mind might accept as adequate to support the hearing officer's conclusion that Boylan's truck suffered damages in excess of $500.

■ Bollerud also argues that there was not substantial evidence to support the hearing officer's finding that he and his truck were involved in the accident. He claims that Boylan's description of the driver and the truck involved were vague and imprecise, and that "[t]he only positive testimony by Boylan was a name and a license plate number." [4]

Boylan testified that the driver had given him the name "Bollerud," and that he wrote down both that name and the truck's license number. The hearing officer found Boylan the most credible of the witnesses before her. She did not find it unusual that Boylan might be unable to specify the tonnage of the truck that hit him. She noted that Bollerud himself had chosen to be absent from the hearing, thereby leaving open the question of whether Boylan would have been able to identify him.

■ In applying the substantial evidence test, the reviewing court may not reweigh the evidence or choose between competing inferences reasonably drawn from the evidence. *Wilson v. Erickson*, 477 P.2d 998, 999 (Alaska 1970). The hearing officer weighed the credibility of the testimony and concluded that "Mr. Bollerud was more likely than not the driver of the vehicle." Her conclusion that Bollerud was the other driver in the accident was supported by relevant evidence a reasonable mind might accept as adequate.

## B. *Due Process Claims*

■ Bollerud contends that he was denied a meaningful hearing in violation of the Due

---

4. Bollerud's own description of himself when he was telephonically questioned was vague and imprecise:

Q What's your hair coloring, sir?
A Red.
Q Your hair coloring is red? Have you dyed it, sir?
A No, I—I have brown hair—brown hair—brown and a red beard. My hair turns red in the springtime.
Q So your hair is . . .
A Currently red. I had a light color blonde and—and—and it changes color in the springtime.
Q Is it blonde, is it brown, or is it red, sir? What color's your hair?
A Currently red.
Q Currently red.
A It's—it's not a full shade of red.
Q In the winter, is it brown?
A . . . red. Beg your pardon?
Q Normally in the winter, is it brown coloring?
A In—in—later in the winter, it gets browner, yeah.
Q Okay. So in March, it's usually brown?
A No. By then it's turned. It's lighter.
Q In March?
A End of March, yeah, in that vicinity. A light-colored hair, it's not a dark brown at all.
Q It's not red-red, though?
A No.
Q Okay.
A And I got a—a bright red beard.

Process Clause of the Alaska Constitution.[5] A driver's license "constitutes an important property interest which is protected under the state due process clause." *Thorne v. Department of Pub. Safety,* 774 P.2d 1326, 1329 (Alaska 1989) (internal citation omitted).

Bollerud claims that the hearing he received was defective because (1) he was denied the opportunity to meaningfully confront and cross-examine witnesses, and (2) he was denied an impartial hearing officer. "Issues of constitutional interpretation are questions of law which this court reviews de novo." *Revelle v. Marston,* 898 P.2d 917, 925 n. 13 (Alaska 1995).

With regard to Bollerud's first claim, he asserts he was denied due process of law because (1) he was denied the opportunity to confront the estimator from State Farm, and (2) he was denied the right to cross-examine Boylan effectively, completely, and meaningfully on the amount of actual damage.

Bollerud's claim he was denied the opportunity to confront the State Farm estimator fails. At the hearing, he could have called the estimator, or any other expert, to rebut the damage claim. He simply failed to avail himself of this opportunity.

■ Bollerud also asserts he was not allowed to confront Boylan on the issue of damage. In defending against the loss of his driver's license, a driver should be able to present evidence regarding the amount of damage, since this evidence is relevant to establishing DOPS authority to suspend his license.

While the hearing officer improperly limited Bollerud's cross-examination of Boylan on the issue of whether Boylan's damage exceeded $500, Bollerud was able to ask some questions regarding damage, including the type of damage the truck sustained, where it was repaired, and the cost of the repairs. We conclude that the error by the hearing

officer is harmless error in the evidentiary context of this case. Bollerud never contested the amount actually paid for work on the truck, never contested the estimate contained in the subrogation claim, and made no offer of proof that the damage was less than $500. He had the opportunity to confront Boylan, but chose not to raise certain issues relating to the amount of damages. Bollerud's counsel stated to the hearing officer that he was "through with the area" when the hearing officer moved the proceedings on to the next issue.

■ Bollerud's due process claim that the hearing officer acted "as both prosecutor and judge" also fails. A hearing officer "must be impartial." AS 28.05.141(a). However, it is appropriate for a hearing officer to question witnesses, especially since the state itself is not represented by counsel at revocation hearings. *Borrego v. State, Dep't of Pub. Safety,* 815 P.2d 360, 365 (Alaska 1991). "The hearing officer question[s] the witnesses in an attempt to get the full story ... in an effort both to fill in the gaps of the story and to measure the credibility of the witnesses." *Thorne,* 774 P.2d at 1333. Our review of the hearing transcript leads us to the same conclusion we reached in *Borrego:* "A fair reading of the hearing transcript suggests that the hearing officer was simply concerned with getting at the facts." *Borrego,* 815 P.2d at 365. We perceive no bias.

## IV. *CONCLUSION*

The judgment of the superior court is AFFIRMED.

---

**5.** The Due Process Clause of the Alaska Constitution, art. I., § 7, provides:

No person shall be deprived of life, liberty, or property, without due process of law. The right of all persons to fair and just treatment in the course of legislative and executive investigations shall not be infringed.